IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2017 NOV 13 P 2: 48

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| HOPE C. CALDWELL and ANTHONY W. CALDWELL, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case Number: 3:17-cv-779 ) |
| MCTERAL M. HOUSTON, Individually and D/B/A LIL JR LOGGING; ALFA MUTUAL INSURANCE COMPANY; and FICTITIOUS DEFENDANTS A-R, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

**COMES NOW** Defendant McTeral M. Houston individually and d/b/a Lil Jr Logging and gives notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Chambers County, Alabama to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds for Defendant's Notice of Removal, Defendant shows the following:

1. This lawsuit is a civil action within the meaning of the Acts of Congress related to the removal of cases. See 28 U.S.C. §§ 1441(b), 1446(b). This action arises out of a collision between a commercial vehicle and an automobile in Alabama.

2. On October 4, 2017, Plaintiffs filed this civil action, number CV-2017-900138 in the Circuit Court of Chambers County, Alabama against McTeral M. Houston individually and d/b/a Lil Jr Logging ("Houston") and Alfa Mutual Insurance Company ("Alfa") and Fictitious Defendant A-R. A true and correct copy of the Summons and Complaint, set out as "Exhibit A" is attached hereto, as well as copies of all other process, pleadings and orders filed in this case.

3. Houston was served with the Summons and Complaint on October 16, 2017. An additional defendant Alfa Mutual Insurance was served on October 6, 2017. As more fully discussed below, Alfa is a nominal party to this litigation as it has opted out as demonstrated by its Motion to Opt Out. Alfa has also joined and consented to this removal.

4. The Notice of Removal is filed in the United States District Court for the Middle District of Alabama, Eastern Division, within the district and division embracing the place where the state court case was originally filed as required by 28 U.S.C. §§ 1332 and 1441(a).

5. This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b)(1), within 30 days after the service of the initial pleading.

6. As more fully set out below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) as complete diversity of citizenship exists between the active

parties in this case, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFF AND ESSENTIAL DEFENDANT MCTERAL HOUSTON.

7. Plaintiffs are residents and citizens of the State of Alabama.

8. McTeral M. Houston individually and d/b/a Lil Jr Logging ("Houston") is a resident and citizen of the State of Georgia. He is not a resident and citizen of the State of Alabama. (Exhibit A, Complaint).

9. Although the Complaint names Plaintiff's uninsured/underinsured motorist insurer Alfa Mutual Insurance Company ("Alfa") as a defendant, it is well settled in this Circuit that a UM/UIM insurer who chooses to opt out of the litigation is a nominal party whose citizenship does not destroy diversity. See *Toole v. Chupp*, 456 F.Supp.2d 1218, 1222 (M.D. Ala. 2006) (denying Plaintiff's Motion to Remand, the Court held that a "plaintiff should not be able to defeat diversity jurisdiction by adding an uninsured motorist carrier that is playing only a nominal role").

10. On November 1, 2017, Alfa filed a Motion to Opt Out.

11. Thus, complete diversity of citizenship exists between Plaintiffs and the essential Defendant in this case. Further, Defendant Alfa consents to the Removal Notice.

### III. AMOUNT IN CONTROVERSY IS SATISFIED.

12. In order to be removable, there must be at least $75,000 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

13. The Complaint does not specify a dollar amount of damages other than the amount exceeds $10,000. (Exhibit A, Complaint).

14. When the Complaint does not specify a dollar amount for damages, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). However, in finding that the case more likely than not has over $75,000 in controversy, the Court may use their judicial experience and common sense in determining whether the case stated in a Complaint meets the amount in controversy through reasonable deductions, reasonable inferences or other reasonable extrapolations. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058 (11th Cir. 2010).

15. Further, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, __ U.S.__, 135 S. Ct. 547, 554 (2014).

16. Plaintiff alleges she sustained injuries, incurred medical bills, sustained pain and suffering and mental anguish and continues to suffer from the injuries through Defendant Houston's alleged negligence and wantonness. Plaintiff

Anthony W. Caldwell alleges he lost the companionship, services, loss of society and comfort of his wife which substantially affected the enjoyment of his life as a result of the alleged acts of Defendant Houston. (Exhibit A, Complaint).

17. Based on these allegations, Plaintiffs demand judgment in an unspecified amount of compensatory damages and "punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and others from committing similar wrongful acts in the future." (Exhibit A, Complaint). With Plaintiffs' punitive damage demand alone, it is certainly plausible this Complaint exceeds an amount in controversy over $75,000.

18. Above and beyond plausibility, Plaintiffs' claims for damages show by a preponderance that the amount in controversy is over $75,000. In a slip and fall case alleging negligence, wantonness, pain and suffering and punitive damages, Judge Acker in the Northern District of Alabama noted "the Eleventh Circuit. . . has finally acknowledged the self-evident, namely, that a plaintiff. . . who claims to have sustained a very substantial personal injury at the hand of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." *Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 1317, 1318 (N.D. Ala. 2015) (remanding the case because Defendant should have removed

when Complaint was served as it was facially apparent the amount in controversy was over $75,000).[1]

19. Using reasonable deduction, inference and extrapolation along with common sense, it is clear from the Complaint alone it is more likely than not the Plaintiffs are requesting a jury find for them in an amount over $75,000. Clearly, allegations of compensatory and punitive damages for pain, suffering, on-going physical injury and loss of consortium against a commercial trucker for alleged wrongful acts on the road constituting wantonness and "punishment" meet the preponderance burden for demonstrating the amount in controversy is over $75,000 set out by the United States Court of Appeals for the Eleventh Circuit. Plaintiffs allege they are attempting to deter Defendants and others from wrongful acts in the future, therefore it is common sense that Plaintiffs would be requesting a verdict of over $75,000 to accomplish this alleged goal.

20. Defendant Houston denies he is liable to Plaintiff for any amount but does not dispute the amount in controversy exceeds $75,000.

21. The amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446.

---

[1] See also *Smith v. State Farm Fire & Cas. Co.*, 868 F.Supp.2d 1333, 1334 (N.D. Ala. 2012) (holding "plaintiffs...who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court...").

## IV. THE OTHER PRE-REQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

22. A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court of the Circuit Court of Chambers County, Alabama and will be served upon the Plaintiff, as required by 28 U.S.C. § 1446(d).

23. Co-Defendant Alfa has consented to the Removal of this action and is filing a joinder to this Notice of Removal.

24. No previous application has been made for relief requested herein, and this Notice of Removal has been served on all named parties in the removed case.

25. If any question as to the propriety of the removal of this action arises, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

## V. CONCLUSION

**WHEREFORE, PREMISES CONSIDERED,** Defendant McTeral Houston as consented to and joined by Alfa Mutual Insurance Company, desiring to remove this case to the United States District Court for the Middle District of Alabama, Eastern Division, being the District and the Division of said Court for Chamber County, Alabama in which said action is pending, pray that the filing of this Notice of Removal with this Court and the filing of the Notice of Filing of Notice of

Removal with the Circuit Court of Chambers County, Alabama shall effect the removal of this Lawsuit to this Court.

Respectfully submitted,

Justin I. Hale (ASB-5706-T55H)
John K. Pocus (ASB-2048-H28C)
Attorneys for McTeral Houston
individually and d/b/a Lil Jr Logging

OF COUNSEL:
**STOCKHAM, COOPER & POTTS, P.C.**
1111 Financial Center
505 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 776-9000
E-mail:    jhale@scplaw.net
           jpocus@scplaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017, I filed this Notice of Removal in person with the Clerk of the Court and that a copy of said stamped filing will be served upon the following by U.S. Mail:

Attorney for Plaintiff:
Anastasia L. Alexander
KENNETH S. NUGENT, P.C.
1234 First Avenue, Suite 200
Columbus, Georgia 31901

Attorneys for Defendant Alfa Insurance Company:
Stanley A. Martin
S. Allen Martin, Jr.
J. Ryan Proctor
MARTIN LAW, LLC
Post Office Box 2526
Opelika, Alabama 36803-2526

_____
OF COUNSEL