ELECTRONICALLY FILED
10/4/2017 1:01 PM
12-CV-2017-900138.00
CIRCUIT COURT OF
CHAMBERS COUNTY, ALABAMA
LISA BURDETTE, CLERK

# IN THE CIRCUIT COURT OF CHAMBERS COUNTY, ALABAMA

| | |
|---|---|
| Hope C. Caldwell and Anthony W. Caldwell, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>Mcteral M. Houston, individually and d/b/a )<br>Lil Jr Logging, Alfa Mutual Insurance Company, )<br>FICTITIOUS DEFENDANTS A, B and C, whether )<br>singular or plural, that person, firm or corporation for )<br>which MCTERAL M. HOUSTON was working on the )<br>occasion made the basis of this suit; FICTITIOUS )<br>DEFENDANTS D, E and F, whether singular or )<br>plural, that person, firm or corporation owning )<br>the vehicle being driven by MCTERAL M. HOUSTON, )<br>on the occasion made the basis of this suit; )<br>FICTITIOUS DEFENDANTS G, H and I, )<br>whether singular or plural, that person, firm )<br>or corporation who contributed to cause the )<br>accident made the basis of this action on the )<br>occasion made the basis of this suit; )<br>FICTITIOUS DEFENDANTS J, K )<br>AND L, whether singular or plural, that entity )<br>concerning the occasion made the basis of this )<br>suit, was the principal of any of the named or )<br>above-described fictitious party Defendants; )<br>FICTITIOUS DEFENDANTS M and N, )<br>whether singular or plural, the entity which is )<br>successor-in-interest of any of the named or )<br>above-described fictitious party Defendants; )<br>FICTITIOUS DEFENDANTS O and P, )<br>whether singular or plural, the entity which is )<br>the predecessor-in-interest of any of the named )<br>or above-described fictitious party Defendants; )<br>FICTITIOUS DEFENDANTS Q and R )<br>whether singular or plural, the person, )<br>corporation, association or other entity, whose )<br>negligence or other wrongful conduct )<br>contributed to cause the damages described in )<br>Plaintiffs' Complaint, )<br>)<br>Defendants. ) | CASE NO.: CV-2017- |

## COMPLAINT

### Statement of the Parties

1. Plaintiff, Hope C. Caldwell, is over the age of nineteen years and resides in Chambers County, Alabama.

2. Plaintiff, Anthony W. Caldwell, is over the age of nineteen years and resides in Chambers County, Alabama.

3. Defendant, Mcteral M. Houston, individually and d/b/a Lil Jr Logging (hereinafter referred to as, "Defendant Houston"), is over the age of nineteen years and resides in Troup County, Georgia.

4. Defendant Alfa Mutual Insurance Company (hereinafter referred to as, "Defendant Alfa", is an insurance company, licensed to do business in Alabama and doing business in Chambers County, Alabama.

5. FICTITIOUS DEFENDANTS A, B and C, whether singular or plural, is that person, firm or corporation for which MCTERAL M. HOUSTON was working on the occasion made the basis of this suit; FICTITIOUS DEFENDANTS D, E, and F, whether singular or plural, that person, firm or corporation owning the vehicle being driven by MCTERAL M. HOUSTON, on the occasion made the basis of this suit; FICTITIOUS DEFENDANTS G, H, and I, whether singular or plural, that person, firm or corporation who contributed to cause the accident made the basis of this action on the occasion made the basis of this suit; FICTITIOUS DEFENDANTS J, K, and L, whether singular or plural, that entity concerning the occasion made the basis of this suit, was the principal of any of the named or above-described fictitious party

Defendants; FICTITIOUS DEFENDANTS M and N, whether singular or plural, the entity which is successor-in-interest of any of the named or above-described fictitious party Defendants; FICTITIOUS DEFENDANTS O and P, whether singular or plural, is the entity which is the predecessor-in-interest of any of the named or above-described fictitious party Defendants; FICTITIOUS DEFENDANTS Q and R, whether singular or plural, the person, corporation, association or other entity, whose negligence or other wrongful conduct contributed to cause the damages described in Plaintiffs' Complaint.

6. At the time of this automobile collision, Defendant Alfa had a motor vehicle insurance policy in force covering the motor vehicle operated by Plaintiff, Hope C. Caldwell, which specifically provided uninsured/underinsured motorist benefits.

7. At all times material hereto, Defendant Alfa's insurance policy was in full force and effect.

8. The amount in controversy exceeds $10,000.00, exclusive of interest and costs.

## JURISDICTION AND VENUE

9. Plaintiffs' claims are solely brought under the common law or statutory law of the State of Alabama. Jurisdiction and venue are proper in the Circuit Court of Chambers County, Alabama because the accident which makes the basis of this lawsuit happened in Chambers County, Alabama.

## STATEMENT OF THE FACTS

10. On August 11, 2016, Plaintiff, Hope C. Caldwell was properly operating her motor vehicle on County Road 266, traveling south, in Chambers County, Alabama.

11. At the aforementioned time and place, Defendant Houston was traveling south on

County Road 266 when his vehicle ran out of gas while partially still in the roadway, causing Plaintiff, Hope C. Caldwell's vehicle to impact Defendant's vehicle.

12. Defendant Houston failed to follow the rules of the road by not placing his warning devices at 10 feet, 100 feet, and 200 feet behind his vehicle toward approaching traffic as outlined in the Commercial Driver License Manual which is administered by the Alabama Department of Public Safety. Further, as view of his vehicle was obstructed by a hill, he failed to move the rear most warning device to 500 feet beyond the hill.

13. As a result of the negligent and/or wanton actions of the Defendant Houston, Plaintiff, Hope C. Caldwell sustained injuries, incurred medical bills, sustained pain and suffering and mental anguish, and continues to suffer from these injuries. Hope C. Caldwell has been otherwise injured and damaged.

### Count I. (Negligence)

14. Plaintiffs reallege all prior paragraphs of the Complaint, as if fully set out herein.

15. At the aforementioned time and place, Defendant Houston was negligent in the operation of the vehicle he was driving, as alleged above.

16. Furthermore, Defendant Houston failed to follow the rules of the road by not placing his warning devices at 10 feet, 100 feet, and 200 feet behind his vehicle toward approaching traffic as outlined in the Commercial Driver License Manual which is administered by the Alabama Department of Public Safety.

17. As a direct and proximate result of the negligence of Defendant Houston, Plaintiff Hope C. Caldwell was injured and damaged as described above.

### Count II. (Wantonness)

18. Plaintiffs reallege all prior paragraphs of the Complaint, as if fully set out herein.

19. At the aforementioned time and place, Defendant Houston wantonly caused or allowed the motor vehicle he was operating to cause the motor vehicle of Plaintiff Hope C. Caldwell to collide into his motor vehicle.

20. As a direct and proximate result of the wantonness of Defendant Houston, Plaintiff Hope C. Caldwell was injured and damaged as described above.

### Count III. (Negligent Maintenance)

21. Plaintiffs reallege all prior paragraphs of the Complaint, as if fully set out herein.

22. Defendant Houston negligently maintained and/or inspected his vehicle he was operating, causing the motor vehicle of Plaintiff Hope C. Caldwell to collide into his motor vehicle.

23. As a direct and proximate result of the negligent maintenance of Defendant Houston, Plaintiff Hope C. Caldwell was injured and damaged as described above.

### Count IV. (Failure to Warn)

24. Plaintiffs reallege all prior paragraphs of the Complaint, as if fully set out herein.

25. Defendant Houston failed to warn by not following the rules of the road by not placing his warning devices at 10 feet, 100 feet, and 200 feet behind his vehicle toward approaching traffic as outlined in the Commercial Driver License Manual which is administered by the Alabama Department of Public Safety.

26. As a direct and proximate result of the failure to warn of Defendant Houston, Plaintiff Hope C. Caldwell was injured and damaged as described above.

### Count V. (Uninsured/Underinsured Motorist)

27. Plaintiffs reallege all prior paragraphs of the Complaint, as if fully set out herein.

28. At the aforementioned time of the collision, Defendant Alfa's insurance policy was in full force and effect and specifically provided for uninsured/underinsured motorist benefits, which covered the Plaintiffs.

29. Defendant Alfa has failed and refused to pay the benefits due under the uninsured/underinsured motorist benefits provision of its policy and therefore is in breach of the terms of the policy.

### Count VI. (Loss of Consortium)

30. Plaintiffs reallege all prior paragraphs of the Complaint, as if fully set out herein.

31. At the time of the incident, Plaintiff Anthony W. Caldwell was the husband of Hope C. Caldwell.

32. As a result of this incident, Plaintiff Anthony W. Caldwell lost the companionship, services, loss of society and comfort of his wife which substantially affected the enjoyment of his life.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. In such an amount of compensatory damages as will reasonably and adequately compensate them for their injuries and damages;

B. In such an amount of punitive damages as will reflect the enormity of the wrongs committed by the Defendants and will deter the Defendants and others from committing similar wrongful acts in the future;

C. In such an amount of Uninsured/Underinsured Motorist coverage from Defendant Alfa for an amount equal to the amount that they are legally entitled to recover;

D. Plaintiffs' costs in this action; and

E.	Such other relief as this Court finds is appropriate.

OF COUNSEL:
Kenneth S. Nugent, P.C.
1234 First Avenue, Suite 200
Columbus, Georgia 31901
(706) 571-0900
(706) 571-0995 Facsimile
salexander@attorneykennugent.com

/s/ Anastasia L. Alexander
Anastasia L. Alexander (ALE045)
Attorney for Plaintiffs

## JURY DEMAND
**PLAINTIFFS DEMAND A STRUCK JURY FOR ALL ISSUES IN THIS CAUSE.**

/s/ Anastasia L. Alexander
OF COUNSEL